IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN CLARK, ) | |
| No.  S14184, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00774-SMY |
| ) | |
| MURACLE LETAL, ) | |
| NURSE BRITTANY, and ) | |
| MAJOR ALLEN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Calvin Clark is an inmate currently housed in Pinckneyville Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights, principally with respect to how prison officials handled his June 10, 2015, suicide attempt.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must

cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

According to the complaint, on June 10, 2015, Plaintiff heard voices in his head repeatedly telling him to kill himself. He asked C/O Muracle Letal and Nurse Brittany to summon a Crisis Team member, but they told him he did not need the Crisis Team and they kept walking. Shortly thereafter, Plaintiff hung himself using a t-shirt. His cellmate summoned help and Plaintiff, unconscious, was cut down by unidentified officers.

As Plaintiff was lying on the floor of his cell, Major Allen arrived and began smacking Plaintiff's face with his open hand, grabbing Plaintiff's face and asking if Plaintiff knew his own name. Once Plaintiff regained consciousness and stated his name, Major Allen grabbed Plaintiff by the handcuffs and dragged him out of the cell and down the stairs. Allen pushed Plaintiff around and onto a cart, driving him to the health care unit.

Plaintiff asked Major Allen to loosen his handcuffs, but Allen said no and pushed Plaintiff onto a bed in the health care unit. Allen then tried to choke Plaintiff by grabbing his neck, face and jaw. As he pushed Plaintiff's face to the side, Allen warned Plaintiff not to look at him or he, Allen, would beat Plaintiff. Other unidentified officers were present and did nothing.

Plaintiff was seen by an unidentified nurse. He explained that he had been hearing voices—contrary to Allen wanting Plaintiff to say that he and his cellmate had had a disagreement. Plaintiff was placed in what the Court perceives to be a crisis cell. He realized that he had injured his wrist, which was now bruised and swollen. Plaintiff beat on his cell door

to summon an unidentified correctional officer and ask to see a nurse, but Plaintiff was told to wait until he went to segregation to sign up for sick call.  Plaintiff waited at least three days to be taken to segregation, and his sick call request was never answered.

After Plaintiff arrived in segregation, Major Allen issued him a disciplinary ticket, purportedly full of lies and intimidating threats.  Plaintiff fears Allen and three unidentified officers—he fears for his life.  He also continues to experience wrist, neck and back pain, headaches, depression and other after-effects.

Plaintiff seeks compensatory and punitive damages.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: C/O Muracle Letal and Nurse Brittany were deliberately indifferent to Plaintiff's serious medical/psychiatric needs, in violation of the Eighth Amendment;**
>
> **Count 2: Major Allen used excessive force against Plaintiff and was deliberately indifferent to his serious medical/psychiatric needs, all in violation of the Eighth Amendment; and**
>
> **Count 3: Major Allen threatened and harassed Plaintiff, in violation of the Eighth Amendment.**

No claims have been recognized against any "John Doe" unidentified prison staff because it is not at all clear that Plaintiff intended to pursue such claims.  The caption of the complaint randomly includes "et al." after the first-listed defendants' name, but there is no other indication that Plaintiff intended to press claims against the various unnamed individuals mentioned in the complaint.  Any such intended claims should be considered dismissed without prejudice as inadequately pleaded under the *Twombly* standard.

**Discussion**

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S.CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Therefore, Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The use of force 'maliciously and sadistically for the very purpose of causing harm.' " also violates the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Hudson v. McMillian*, 503 U.S.1, 6 (1992)). Thus, Counts 1 and 2 state colorable constitutional claims.

With respect to Count 3, the exact nature of Major Allen's allegedly harassing and threatening disciplinary ticket is not known. However, given that Plaintiff is suicidal, and in the context of Allen's other behavior toward Plaintiff, at this early point the Court cannot discount that Allen was gratuitously inflicting psychological pain in violation of the Eighth Amendment. *See generally Calhoun v. De Tella*, 319 F3d. 936, 939 (7th Cir. 2003). Count 3, therefore, shall also proceed.

All three named defendants are sued in the individual and official capacities. Only monetary damages are sought. The Eleventh Amendment bars official capacity claims for monetary damages. *Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005). Therefore, all official capacity claims for monetary damages will be dismissed with prejudice.

**Motion for Counsel**

Also before the Court is Plaintiff's motion for recruitment of counsel (Doc. 3).

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff's motion indicates that he has been unable to recruit counsel because "they don't take prison cases"—an assertion that takes on greater weight when Plaintiff's particular circumstances are taken into account. He indicates that another inmate is acting as his jailhouse lawyer. Plaintiff himself did not graduate from high school, and he has serious mental health issues. Plaintiff is also taking the antidepressant Zoloft and other medication. Plaintiff Clark

does not appear capable of litigating this case without the assistance of counsel, even though his jailhouse lawyer has been able to draft a serviceable complaint. Therefore, Plaintiff's motion for counsel (Doc. 3) will be granted.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNTS 1-3** shall **PROCEED** against Defendants **MURACLE, LETAL, NURSE BRITTANT and MAJOR ALLEN in their individual capacities**. All official capacity claims for monetary damages are **DISMISSED with prejudice**.

The Clerk of Court shall prepare for Defendants **MURACLE, LETAL, NURSE BRITTANT and MAJOR ALLEN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. Plaintiff's motion for service of process at government expense (Doc. 4) is **DENIED as moot**.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.

Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court, each opposing party, and his assigned counsel informed of any change in his address; the Court will not independently investigate Plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's motion for recruitment of counsel (Doc. 3) is **GRANTED**. A separate order shall issue assigning an attorney to represent Plaintiff in this action in the district court. Until assigned counsel enters his or her appearance, Plaintiff should not file anything in this case absent extraordinary circumstances. The Court will not accept any filings from Plaintiff individually while he is represented by counsel, *except* a pleading that asks that he be allowed to have counsel withdrawn from representation.

**IT IS SO ORDERED.**

**DATED: August 14, 2015**

s/ STACI M. YANDLE
**United States District Judge**